UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6149-CR-ZLOCH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WILLIAM MACHUCA
  a/k/a "William Arturo Villegas, et al.

        Defendants.



### DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on June 20, 2000, a hearing was held to determine whether the defendant **Edgar Antonio Quimbayo** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Edgar Antonio Quimbayo** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged with conspiracy to possess with intent to distribute cocaine, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and



841(a)(1). Therefore, the defendant is charged with offenses involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

    2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that during April and May 2000, William Machuca a/k/a "William Arturo Villegas" negotiated with a confidential source ("CS") of the Drug Enforcement Administration. The CS was posing as a purchaser of cocaine. At one point, Machuca/Villegas told the CS that he had twenty-five kilograms of cocaine and one kilogram of heroin available for immediate sale. On May 27, 2000, Machuca/Villegas and Edgar Antonio Quimbayo delivered to the CS a total of twenty kilograms of cocaine. Subsequent to the arrest of Machuca/Villegas and Quimbayo, agents learned the two vehicles utilized by the defendants during the cocaine transaction had been stolen. 18 U.S.C. § 3142(g)(2).

    3. The pertinent history and characteristics of the defendant are that Edgar Antonio Quimbayo is a native of Colombia and citizen of Canada who resides permanently in the United States. The defendant is married to a Canadian citizen and has three children. Two children live with their mother in Canada; the third lives with the defendant in Miami. The defendant's wife owns an apartment in Miami, but the defendant himself owns no appreciable assets. Since the defendant has strong family ties to Colombia and Canada, he must be deemed to be a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

2

4. There is probable cause to believe the defendant conspired to possess and did possess with intent to distribute a substantial quantity of cocaine, offenses punishable by more than ten years under the Controlled Substances Act, 21 U.S.C. § 801, et seq. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community, and there is a substantial likelihood that he will flee if released prior to trial. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is

confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 21st day of June, 2000.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Terry Thompson (FTL)
Pretrial Services (FTL)
AFPD Patrick Hunt (FTL)

4