```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO.  00-6149-CR-ZLOCH
```

```
                                          FILED by _____ D.C.

                                             AUG 1 4 2000

                                           CLARENCE MADDOX
                                           CLERK U.S. DIST. CT.
                                           S.D. OF FLA. FT. LAUD.
```

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                     O R D E R

WILLIAM MACHUCA, et al.

    Defendant(s).
_____/

THIS MATTER is before the Court, sua sponte. Anticipating that there may be voluminous tapes and transcripts involved in the above-styled cause, and to insure an orderly discovery process, the Court enters this Order.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The United States Government shall have ten (10) calendar days from the date of this Order within which to produce to counsel for the Defendant(s) transcripts of all taped conversations, along with each transcript's corresponding tape, which the Government intends to use at the trial of the above-styled cause;

2. The Defendant(s) shall have twenty (20) calendar days from the date of this Order within which to review all such transcripts and tapes and to <u>file</u> with the Clerk of the Court any objections to any transcript;



3. To the extent the Defendant(s) object to the accuracy of any transcript, the Defendant(s) shall set forth specifically in his/her objections the portions of the Government's transcript(s) which Defendant(s) claim to be inaccurate. The Court emphasizes that an attempt by the Defendant(s) to generally object to any transcript shall be deemed contrary to this Order's requirements of specificity. Further, failure to properly object shall be deemed a waiver by the Defendant(s) of any objection, and a *de facto* agreement by the Defendant(s) that any portions of the transcripts which are not objected to are accurate.

4. The Defendant(s) shall file along with his/her objections to any transcript, an alternative proposed transcript which Defendant(s) claim to be an accurate translation of the tape in question.

5. The Government shall have thirty (30) calendar days from the date of this Order within which to respond to the Defendant(s)' proposed version of any transcript. Said response shall be in writing and filed with the Clerk of the Court, and shall set forth specifically the portions of the Defendant(s)' proposed version which the Government claims to be inaccurate. The Court emphasizes that any attempt by the Government to generally object to the Defendant(s)' proposed version shall be deemed contrary to this Order's requirement of specificity. Further, failure to object to any portion of Defendant(s)' proposed version shall be deemed a waiver by the Government of any objection thereto, and a *de facto*

agreement by the Government that said portion of Defendant(s)' proposed version is accurate; and

6. No continuance of the time periods set forth in this Order shall be granted by this Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of August, 2000.

*[signature]*
WILLIAM J. ZLOCH
Chief United States District Judge

cc:

Terry Thompson, Esq., AUSA
Patrick Hunt, Esq., AFPD
Irwin Lichter, Esq.